**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4456**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY CHRISTOPHER GOODWIN, a/k/a Rah Rah,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00203-WO-3)

_____

Submitted:  April 28, 2023                                   Decided:  August 16, 2023

_____

Before AGEE and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eugene E. Lester, III, SHARPLESS McCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Christopher Goodwin pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Goodwin to 192 months' imprisonment for each conviction, to be served concurrently. On appeal, Goodwin argues that his sentence is procedurally unreasonable because the district court erred in calculating his Sentencing Guidelines range. We affirm.

Goodwin challenges the district court's application of a two-level enhancement for being a manager or supervisor of criminal activity under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2018), and a two-level enhancement for committing "the offense as part of a pattern of criminal conduct engaged in as a livelihood" under USSG § 2D1.1(b)(16)(E). However, any Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up). The error will be deemed harmless if we are "certain" that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

We conclude that the first prong of the assumed error harmlessness inquiry is satisfied. The district court explicitly stated that, even if it incorrectly calculated the Guidelines range, it nonetheless would have imposed a 192-month sentence. Thus, "the

2

district court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014).

Turning to the second prong, we assess whether the sentence is substantively reasonable, considering the Guidelines range that would have applied absent the assumed errors. *Mills*, 917 F.3d at 331. When reviewing the substantive reasonableness of a sentence, "we must examine the totality of the circumstances . . . to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *Id.* (cleaned up). If a sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, if the district court had sustained Goodwin's objections to the two enhancements at issue, his Guidelines range would have been 135 to 168 months' imprisonment, rather than 210 to 262 months' imprisonment. We are satisfied that the 192-month sentence is substantively reasonable even under this assumed Guidelines range because the district court thoroughly explained why the sentence was necessary under the § 3553(a) factors. The district court acknowledged that Goodwin had never been convicted of a felony offense but found that his criminal history was nonetheless serious. The district court also emphasized that Goodwin had not received a significant sentence for his prior offenses and continued to engage in criminal activity, suggesting that a longer sentence was appropriate in this case to promote respect for the law and provide deterrence. In light

of the district court's considered explanation, we conclude that Goodwin's sentence would be substantively reasonable even if the challenged enhancements were not factored into his Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*